UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DERRICK LEE SMITH et al.,

                    Petitioners,

v.

PEOPLE OF THE STATE OF MICHIGAN
et al.,

                    Respondents.
_____/

Case No. 2:26-cv-79

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoners Derrick Lee Smith, Edward Rhone, and Christopher North, under 28 U.S.C. § 2254. Petitioners seek habeas relief—specifically release from state custody—on their own behalf because the State of Michigan failed to provide them with "a constitutionally required 'in-custody' hearing immediately after the arraignment on the warrant and prior to the preliminary examination as guaranteed by [Michigan] Constitution 1963 Article1 § Section 15 and Michigan Rules of Court 6.106(B) and (G)(2)." (Pet., ECF No. 1, PageID.2.) Petitioners also purport to present such claims on behalf of other "eligible prisoners" from the Chippewa Correctional Facility,[1] the Macomb Correctional Facility, and the Richard A. Handlon Correctional Facility. (*Id*.)

_____

[1] At the time Petitioner Smith filed this action, he was incarcerated at the Chippewa Correctional Facility.

**Discussion**

### I.    Factual Background

Petitioner Smith is presently serving sentences for various criminal sexual conduct and kidnapping charges from three separate Wayne County Circuit Court criminal proceedings. His earliest release date is July 8, 2036, and his maximum discharge date is July 7, 2086. He is incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility.

Petitioner Rhone is presently serving a consecutive sentence string of 62 to 92 years for second-degree murder and use of a firearm during the commission of a felony. The sentences were imposed by the Wayne County Circuit Court on March 5, 2014, following Petitioner Rhone's jury conviction of those offenses. He is incarcerated with the MDOC at the Macomb Correctional Facility.

Petitioner North is presently serving a sentence of 60 to 100 years for second-degree murder imposed by the Wayne County Circuit Court on April 16, 2013, following his jury conviction. He is incarcerated with the MDOC at the Richard A. Handlon Correctional Facility.

### II.    Petitioners may not bring claims on behalf of other prisoners

Petitioners purport to bring the same probable cause/jurisdictional claim on behalf of all prisoners housed at three different MDOC facilities who are similarly situated. Under Rule 2(c)(5) of the Rules Governing § 2254 Cases, the petition must be signed by the petitioner or by a person authorized to sign the petition under 28 U.S.C. § 2242. Section 2242 further provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting on his behalf." A "next friend" does not himself become a party to the habeas corpus action in which he

participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163–64; *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir.1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir.1978)). The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 459 U.S. at 155–156. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

Here, Petitioners have not satisfied the requirements to proceed as a "next friend" for any other prisoner. They have not shown why other prisoners could not file habeas petitions on their

own behalf nor have Petitioners shown how they are qualified to serve as next friends for any other prisoner. Accordingly, Petitioners may not proceed on behalf of other prisoners as their "next friends."

Petitioners' requests to proceed on behalf of other prisoners might also be interpreted as a motion to certify a class of prisoners. The appropriateness of class action status must be determined by the Court under Rule 23 of the Federal Rules of Civil Procedure.

The purposes of class action suits are judicial economy and the opportunity to bring claims that would not be brought absent the class action because it might not be economically feasible to bring them as individual claims. *See Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 650 (6th Cir. 2006). Federal Rule of Civil Procedure 23, which governs class certification, provides that:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder . . . is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The four prerequisites for class certification are respectively referred to as "numerosity, commonality, typicality, and adequacy of representation." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *see also*, *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006).

Thus, for a case to proceed as a class action, the Court must be satisfied on the grounds enumerated above, including the adequacy of class representation. *See* Fed. R. Civ. P. 23(a)(4). Petitioners bear the burden of establishing the right to class certification. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

4

It is well established that *pro se* litigants are "inadequate class representatives." *See Garrison v. Mich. Dep't of Corr*., 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Ziegler v. Michigan,* 59 F. App'x. 622, 624 (6th Cir. 2003) (recognizing that [g]enerally pro se prisoners cannot adequately represent a class) (citing *Fymbo v. State Farm & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (recognizing that "[*p*]*ro se* prisoners generally may not bring class action lawsuits concerning prison conditions") (citing *Dean v. Blanchard*, 865 F.2d 257 (6th Cir. 1988) (table)), and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Palasty v. Hawk,* 15 F. App'x. 197, 200 (6th Cir. 2001) (concluding that "pro se prisoners are not able to represent fairly [a] class" (citing *Fymbo*, 213 F.3d at 1321, and *Oxendine,* 509 F.2d at 1407); *Marr v. Michigan,* No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996) (noting that "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class") (citing *Oxendine*, 509 F.2d at 1407). Because Petitioners are incarcerated *pro se* litigants the Court finds that they are not appropriate representatives of a class. Accordingly, to the extent Petitioners seek to represent a certified class of other prisoners, that request for class certification is properly denied.

Because Petitioners may not pursue this habeas action on behalf of other prisoners, the Court construes the petition as raising claims only on behalf of the three named Petitioners.

### III.    Petitioner Smith's claims are second or successive

Petitioner Smith "has filed many, many habeas corpus petitions in this Court and the United States District Court for the Eastern District of Michigan. Each of his prior petitions has been denied, dismissed, or transferred to the Sixth Circuit Court of Appeals as second and/or successive." *Smith v. Steward,* No. 1:21-cv-124, 2021 WL 457285, at *1 (W.D. Mich. Feb. 9, 2021) (discussing the history of Petitioner's prior habeas petitions). Notably, this Court denied

5

Petitioner Smith's habeas challenges to his 1998 convictions on the merits on August 28, 2007. *See id.* at *1 (citing *Smith v. White*, No. 2:06-cv-306 (W.D. Mich.)). The United States District Court for the Eastern District of Michigan denied Petitioner Smith's habeas challenge to his 2009 convictions on the merits on March 9, 2015. *See id.* (citing *Smith v. Bauman*, No. 2:10-cv-11052 (E.D. Mich.)). Finally, this Court denied Petitioner Smith's habeas challenge to his 2019 convictions on the merits on October 5, 2021, and April 20, 2020. *See Smith v. Probable Cause Conference Dir.*, No. 1:21-cv-794, 2021 WL 4550951 (W.D. Mich. Oct. 5, 2021); *Smith v. Burt*, No. 1:19-cv-759 (W.D. Mich. Apr. 20, 2020).

The question before the Court is whether Petitioner Smith's instant petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b). Under the AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction. . . . But after that, the road gets rockier." *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023), *cert. denied sub nom. Hill v. Shoop*, 144 S. Ct. 2531 (2024) (quoting *Banister v. Davis*, 590 U.S. 504, 509 (2020)) (internal citation and quotation marks omitted). "For petitions filed after the first one—'second or successive' in the language of § 2244(b)—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

"To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)). However, the district court is responsible to initially determine whether a petition is "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012)

"'[N]ot all petitions filed second in time are 'second or successive' and thus subject to the restrictions of § 2244(b)." *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *cert. denied sub nom. Gutierrez v. Miniard*, 145 S. Ct. 261 (2024) (quoting *In re Hill*, 81 F.4th at 568). However, as the Sixth Circuit recently summarized:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. *In re Hill*, 81 F.4th at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, 2024 WL 3333932, at *1.

As set forth above, several of Petitioner Smith's previous habeas actions and the claims raised therein challenging his 1998, 2009, and 2019 convictions were denied on the merits. *See Smith*, 2021 WL 457285, at *1; *Smith*, 2021 WL 4550951, at *1. Moreover, Petitioner Smith's present petition does not satisfy any of the three exceptions set forth by the Sixth Circuit. It does not challenge a new state-court judgment. The claims were not "unripe" at the time of the original petition. And the claims were not previously dismissed as unexhausted. Accordingly, the instant petition is second or successive within the meaning of § 2244(b).

As this Court has explained to Petitioner Smith many times, before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner Smith did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of Petitioner Smith's claims to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IV.      The claims of Petitioners Rhone and North are not second or successive**

Petitioners Rhone and North have previously raised the same claims raised in the present petition. *See Rhone v. Schiebner*, No. 1:22-cv-211 (W.D. Mich.); *North v. Schiebner*, No. 1:22-cv-212 (W.D. Mich.). Both cases were dismissed without prejudice because Petitioners Rhone and North failed to comply with the Court's order to file an amended petition. *Rhone*, No. 1:22-cv-211 (W.D. Mich. Apr. 28, 2022); *North*, No. 1:22-cv-212 (W.D. Mich. Apr. 28, 2022). Petitioners Rhone and North also filed habeas petitions in the United States District Court for the Eastern District of Michigan, but none of the petitions were resolved on the merits. Accordingly, the claims of Petitioners Rhone and North are neither second nor successive.

**V.      Petitioners Rhone and North fail to raise a meritorious federal claim**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**A.      AEDPA Standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a

state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)); *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a

habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the

underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id.* (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

It does not appear that the claims raised by Petitioners Rhone and North were ever raised in a procedurally appropriate manner, much less adjudicated on the merits by the state courts. Accordingly, the Court will review Petitioners' claims *de novo*.

### B.      Exhaustion of state court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner Rhone has filed a number of motions in the Wayne County Circuit Court over the years since his conviction. *See* https://www.3rdcc.org/case-search (accept terms, select "Criminal Case Records," enter the displayed code and Last Name "Rhone" and First Name "Edward," select "Search," select Case Number "12-010594-01-FC") (last visited June 18, 2026). Even if Petitioner Rhone raised the probable cause conference issue in one or more of those motions, he has not raised at both levels of the Michigan appellate courts. *See* https://www.courts.michigan.gov/case-search/ (search "Edward Rhone") (last visited June 18, 2026).

Similarly, Petitioner North has filed a number of motions in the Wayne County Circuit Court over the years since his conviction. *See* https://www.3rdcc.org/case-search (accept terms, select "Criminal Case Records," enter the displayed code and Last Name "North" and First Name "Christopher," select "Search," select Case Number "12-010216-01-FC") (last visited June 18, 2026). Even if Petitioner North raised the probable cause conference issue in one or more of those motions, he has not raised it at both levels of the Michigan appellate courts. *See* https://www.courts.michigan.gov/case-search/ (search "Christopher North") (last visited June 18, 2026).

Accordingly, the Court concludes that Petitioners have failed to exhaust their state court remedies.

Petitioners have certainly never presented their sole habeas ground to the Michigan Supreme Court and it does not appear that the issue was presented to the Michigan Court of Appeals either. If Petitioners did, in fact, present the issue in the Wayne County Circuit Court, they did not timely seek review of the denial of their motions for relief from judgment. It is too late to seek leave to appeal now. Critically, they have already filed the one motion for relief from

12

judgment permitted under the Michigan Court Rules. Mich. Ct. R. 6.502(G)(1). In short, it appears that Petitioners have no available path to exhaust their probable cause conference issue in the state courts.

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioners present only one challenge here: they were denied a probable cause conference. They do not claim actual innocence based on new evidence. Therefore, to avoid the procedural default bar, Petitioners must demonstrate cause for their respective failures to raise the issue in the Michigan appellate and prejudice.

Nevertheless, the U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson*

13

*v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)). *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Where, as here, the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Hudson*, 351 F.3d at 215–16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999). Because that appears to be the case here, the Court will look beyond Petitioners' procedural defaults and simply address the merits of their claims.

### C.    Petitioners' claims lack merit

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5.

There is no federal constitutional requirement for a probable cause conference. It is purely a creation of state law. Petitioners expressly acknowledge that they are relying on a violation of state law: the State of Michigan failed to provide them with "a constitutionally required 'in-custody' hearing immediately after the arraignment on the warrant and prior to the preliminary

14

examination as guaranteed by [Michigan] Constitution 1963 Article1 § Section 15 and Michigan

Rules of Court 6.106(B) and (G)(2)." (Pet., ECF No. 1, PageID.2.)

Whether or not the procedures in Petitioner's case complied with state law and whether or

not any failures deprived the state court of jurisdiction are purely state law questions. It is not the

province of a federal habeas court to re-examine state-law determinations on state-law questions.

*Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The

decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v.*

*Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's

interpretation of state law, including one announced on direct appeal of the challenged conviction,

binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th

Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Specifically with regard to jurisdictional issues,

the Sixth Circuit has stated that "a state court's interpretation of state jurisdictional issues

conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27

F. App'x 473, 475 (6th Cir. 2001).

Petitioners claims are based on the premise that, without a probable cause conference, the

trial court never gained jurisdiction over them. The Michigan courts have flatly rejected that

premise. In *Jones v. Chippewa Circuit Court Judge*, No. 374352, 2026 WL 1655631 (Mich. Ct.

App. June 8, 2026), the Michigan Court of Appeals explained:

> MCL 766.4(1) states that "the magistrate before whom any person is arraigned on
> a charge of having committed a felony shall set a date for a probable cause
> conference to be held not less than 7 days or more than 14 days after the date of the
> arraignment," but, under MCL 766.4(2), "[t]he probable cause conference may be
> waived by agreement between the prosecuting attorney and the attorney for the
> defendant." Similarly, MCR 6.108(A) provides that both the state and the defendant
> are entitled to a probable cause conference "unless waived by both parties."
>
> Although the parties debate whether a probable cause conference was actually held,
> that question does not need to be answered to resolve this appeal. Even if no
> probable cause conference was held, petitioner has not established that the failure

to do so created any jurisdictional defects. Although he suggests that a probable cause conference was necessary to preserve his constitutional rights, petitioner has not supported his assertions with any legal authority. *See People v Bowling*, 299 Mich. App. 552, 559-560, 830 N.W.2d 800 (2013) (stating that an appellant may not simply "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments").

Further, we consider it instructive that "the lack of a preliminary examination [does] not strip [a] circuit court of its subject-matter jurisdiction." People v Robinson, —– Mich ——, ——, —— NW3d —— (2026) (Docket No. 167595); slip op at 8, 2026 WL 303034. That is because, "[i]n Michigan, the preliminary examination is solely a creation of the Legislature—it is a statutory right," and "[t]here is no federal constitutional right to a preliminary examination or hearing." *People v Johnson*, 427 Mich. 98, 103, 398 N.W.2d 219 (1986) (footnote omitted), citing *Gerstein v Pugh*, 420 U.S. 103, 95 S Ct 854, 43 L Ed 2d 54 (1975).

Although a judicial determination of probable cause is a prerequisite to keeping a suspect incarcerated following an arrest, neither a preliminary examination nor a probable cause conference is constitutionally required.

MCR 6.108 gives no indication that its violation deprives a court of its prerogative to exercise jurisdiction. As the trial court noted in this case, a lack of subject-matter jurisdiction may not be waived. *See, e.g., Winters v Dalton*, 207 Mich. App. 76, 79, 523 N.W.2d 636 (1994). Because MCR 6.108 expressly permits the waiver of a probable cause conference, it stands to reason that a violation of that rule does not create a jurisdictional defect. *See People v Lown*, 488 Mich. 242, 268, 794 N.W.2d 9 (2011) (explaining that subject-matter jurisdiction "concerns a court's abstract power to try a case of the kind or character of the one pending" and that "[b]ecause it concerns the court's power to hear a case, it is not subject to waiver") (quotation marks and citation omitted). We are not persuaded that the failure to provide a probable cause conference deprives the court of its continuing operational jurisdiction.

Petitioner's failure to establish a jurisdictional defect in the first instance defeats his attempt to delegitimize the magistrate's return and the subsequent proceedings in the circuit court. "Once a preliminary examination is held and the defendant is bound over on any charge, the circuit court obtains jurisdiction over the defendant." *People v Unger*, 278 Mich. App. 210, 221, 749 N.W.2d 272 (2008), citing *People v Goecke*, 457 Mich. 442, 458-459, 579 N.W.2d 868 (1998).

In sum, assuming for the sake of argument that no probable cause conference was held, the absence of a probable cause conference does not deprive the district court of its continuing jurisdiction over the case. Relatedly, the absence of a probable cause conference does not affect the jurisdiction of the circuit court once a defendant has been bound over for trial. *See People v Stanley*, unpublished per curiam opinion of the Court of Appeals, issued May 20, 2025 (Docket No. 366735),

16

> p 9–10, 2025 WL 1451538 (similarly rejecting the argument that the failure to hold
> a probable cause hearing strips a trial court of subject-matter jurisdiction).

*Jones*, 2026 WL 1655631, at *2–3 (footnote omitted). Petitioners' contention that the absence of a probable cause conference deprived the trial court of jurisdiction has been conclusively decided against them. Therefore, the probable cause conference issue affords Petitioners no grounds for habeas relief.

Moreover, the probable cause conference requirement did not and does not apply to Petitioners. Rule 6.108 was adopted in January of 2015 following the statutory creation of the probable cause conference requirement by amendment of Mich. Comp. Laws § 766.4 during May of 2014. The act that created the probable cause conference requirement was given immediate effect when it was enacted on May 20, 2014. 2014 Mich. Pub. Acts 123. But the act includes a note that indicates it applies to cases prospectively: "This amendatory act applies to cases in which the defendant is arraigned in district court or municipal court on or after January 1, 2015." *Id.*, Enacting § 1.

As noted above, Petitioners Rhone and North were convicted and sentenced before the probable cause conference requirement even existed in Michigan. Additionally, the Michigan courts have determined that issues regarding compliance with the timing requirements of Mich. Comp. Laws § 766.4(1) are waived if they are not raised before the preliminary examination. *See People v. Denomie*, No. 353357, 2021 WL 3828815, at *7 (Mich. Ct. App. Aug. 26, 2021) (citing *People v. Weston*, 319 N.W.2d 537 (1982), and *People v Crawford*, 414 N.W.2d 360 (1987)). Petitioners could not have raised any failure to comply with the probable cause conference requirement before their respective preliminary examinations.

For all of these reasons, the claims of Petitioner Rhone and North are patently frivolous and must be dismissed upon preliminary review under Rule 4.

## VI.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioners have demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioners' claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioners' claims was debatable or wrong. Therefore, the Court will deny Petitioners a certificate of appealability. Additionally, for the same reasons the Court concludes that any issue Petitioners might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter a judgment dismissing the claims of Petitioners Rhone and North for

failure to raise a meritorious federal claim and an order denying Petitioners' requests to proceed

as "next friends" or to certify a class, denying a certificate of appealability, and transferring the

claims of Petitioner Smith to the Sixth Circuit Court of Appeals as second or successive.


Dated:    June 23, 2026                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge